NOLL, APPELLEE, *v.*
NOLL, APPELLANT.

(No. S-88-31—Decided
July 21, 1989.)

*Nancy M. Scranton,* for appellee.
*John F. Hall,* for appellant.

ABOOD, J. This is an appeal from the judgment of the Sandusky County Court of Common Pleas, Domestic Relations Division, which granted plaintiff-appellee, Marlene Noll, a decree of divorce, ordered division of the marital property, and awarded appellee sustenance alimony.

Defendant-appellant, Richard Noll, has filed a timely notice of appeal

setting forth three assignments of error:

"I. The trial court committed reversible error in awarding sustenance alimony to the plaintiff on the 'weight of the evidence.'

"II. The trial court committed reversible error in making a division of property which was not equitable and was against the 'weight of the evidence.'

"III. The trial court committed reversible error in not allowing a reduction in value of the pension/retirement for the income taxes that are required to be paid on distributions from said plan."

The undisputed facts relevant to the issues on appeal are as follows. The parties were married on October 10, 1959, in Pemberville, Ohio, and four children were born to the marriage. All four children are over eighteen years of age and three of the four are emancipated. The fourth child, Brian, age nineteen, is severely mentally retarded and has cerebral palsy.

On October 15, 1986, appellee filed her complaint for divorce alleging that appellant was guilty of extreme cruelty and gross neglect of duty. No answer was filed by appellant. On August 6, 1987, appellee filed her statement of assets and debts, which contained a valuation of the marital assets. Appellant did not file a statement. On August 7, 1987, a final hearing was held and testimony was taken. The trial court invited the parties to submit written findings. On March 16, 1988, appellant filed a motion to allow the filing of an affidavit in lieu of hearing to receive evidence. The motion was allowed and in his affidavit, appellant stated that their son, Brian, had, subsequent to the final hearing, been placed in a group home as a permanent resident and that his care was being provided by Social Security benefits. On June 1, 1988, the trial court issued its decision finding that appellee was

entitled to a divorce and ordering a division of marital assets. Appellee was awarded the marital estate, her insurance policies, her automobile, and the household goods in her possession, all of which the court valued at a total of $69,482.38. Appellant was awarded his life insurance policies, his retirement plan, his pension, his pick-up truck, and all the household goods in his possession, all of which the court valued at a total of $73,754.87. Appellant was also awarded several miscellaneous items. The trial court ordered further that the vacation lot owned by the parties be sold and the proceeds to divided equally, out of which each party was to pay his attorney fees. Appellant was ordered to pay all the debts of the parties incurred as of that date, and $275 per week to appellee as sustenance alimony, for an indefinite period, subject to further order of the court.

On June 16, 1988, appellant filed a motion for reconsideration and/or new trial. On August 5, 1988, the trial court denied appellant's motion and entered its final decree in accordance with its decision dated June 1, 1988. It is from this final decree that appellant has filed his notice of appeal.

In his first assignment of error appellant challenges the trial court's award of sustenance alimony to appellee and, in his second and third assignments of error, appellant challenges the trial court's division of property.

Upon the granting of a divorce, the trial court must determine what award of alimony, which may include an equitable division of the marital assets as well as periodic payments for sustenance and support, is appropriate. *Cherry* v. *Cherry* (1981), 66 Ohio St. 2d 348, 20 O.O. 3d 318, 421 N.E. 2d 1293; *Teeter* v. *Teeter* (1985), 18 Ohio St. 3d 76, 18 OBR 106, 479 N.E. 2d 890. R.C. 3105.18(B) enumerates eleven factors that are to be considered by the trial

court in determining what is an equitable property division and if sustenance alimony is appropriate.[1] The trial court is given broad discretion in determining the appropriate scope of these awards based upon the particular facts and circumstances of each case, and such determination will not be disturbed by this court absent an affirmative showing that the trial court abused its discretion. *Cherry, supra; Teeter, supra.* The term "abuse of discretion" implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore* v. *Blakemore* (1983), 5 Ohio St. 3d 217, 5 OBR 481, 450 N.E. 2d 1140.

## A

In support of his first assignment of error, appellant argues that the evidence herein and the trial court's decision fail to provide a basis for the award of sustenance alimony. Appellant argues further that the award does not contain any termination language, procedure for review or qualifications and he should not be responsible for that amount of sustenance alimony for a significant period of time.

A review of the record indicates that the following pertinent facts were established by the evidence. The parties were married for approximately twenty-nine years. Appellant is fifty years old and has a high school education with some post-high-school training. Appellant was the primary wage earner, being employed since 1957 as a plumber and pipefitter with foreman status at his job since 1963. Appellant has earned approximately $43,000 annually for the past several years. Appellant is provided with health benefits through his employment and has a pension and a retirement plan through the Toledo Plumbers and Pipefitters Welfare Plan, with an aggregate value of approximately $50,000.

Appellee is forty-nine years old and had the primary responsibility of caring for her husband and raising and caring for their four children. This included, of course, the responsibility of providing for Brian's particular needs for the past nineteen years. Appellee also has a high school education, but had no opportunity to develop a career although she did work part-time during a period of about six years from 1979 through 1985, doing simple bookkeeping, earning approximately $3.50 to $3.75 an hour. Recently appellee has taken a training course for bartending but she has not yet passed the required test. Appellee has no retirement plan of her own. Appellee testified that appellant objected to her working during the marriage. Appellee also testified

---

[1] "(B) In determining whether alimony is necessary, and in determining the nature, amount, and manner of payment of alimony, the court shall consider all relevant factors, including, but not limited to, the following:

"(1) The relative earning abilities of the parties;

"(2) The ages, and the physical and emotional conditions of the parties;

"(3) The retirement benefits of the parties;

"(4) The expectancies and inheritances of the parties;

"(5) The duration of the marriage;

"(6) The extent to which it would be inappropriate for a party, because he will be custodian of a minor child of the marriage, to seek employment outside the home;

"(7) The standard of living of the parties established during the marriage;

"(8) The relative extent of education of the parties;

"(9) The relative assets and liabilities of the parties;

"(10) The property brought to the marriage by either party;

"(11) The contribution of a spouse as homemaker."

that the strenuous care required for Brian has had a negative impact on her health and physical abilities, requiring surgery on her hands.

It appears clear from the record that throughout the marriage the parties have enjoyed a comfortable lifestyle, they owned their home outright, they were able to aid their children with further education, they were able to purchase a vacation lot and they were virtually debt free.

It is clear from the record that the trial court did consider all the factors enumerated in R.C. 3105.18(B) and all other factors relevant to this specific case in determining if sustenance alimony was appropriate. In light of the foregoing, we find that the trial court's decision to award appellee sustenance alimony in the stated amount that it did was not unreasonable, arbitrary, or unconscionable.

As for appellant's assertion that he should not be required to pay sustenance alimony for an indefinite period, in *Koepke* v. *Koepke* (1983), 12 Ohio App. 3d 80, 12 OBR 278, 466 N.E. 2d 570, this court held:

"While, in the vast majority of cases, an award of alimony for sustenance and support should provide for the termination of the award upon a date certain so as to provide the parties with an ascertainable limit upon their rights and liabilities, in certain circumstances, such awards would be inequitable and would work an undue hardship upon the recoverer of the award or upon the payor. In such circumstances, the trial court may, in the proper exercise of its discretion, award alimony terminable only upon certain contingencies, such as the death or remarriage of the recoverer of the award of alimony or further order of the court."

The circumstances identified by this court in *Koepke* include a marriage of long duration, parties of advanced age, and a homemaker spouse having had little opportunity to develop a career. *Id.* at 81, 12 OBR at 280, 466 N.E. 2d at 571. All of these circumstances exist in this case. Therefore, we find that the trial court did not abuse its discretion in failing to order termination of appellee's award of sustenance alimony on a date certain. Accordingly, appellant's first assignment of error is found not well-taken.

### B

Both appellant's second and third assignments of error challenge certain aspects of the trial court's valuation and division of the marital property. In his second assignment of error, appellant argues that the trial court's property division was inequitable and the evidence in the record does not support the trial court's valuation of certain assets. In his third assignment of error, appellant argues that the trial court erred in not reducing the value of his pension and retirement plans by the amount of tax he will have to pay upon distribution.

There is no requirement that the division of marital property as ordered by the trial court be exactly equal; rather, a potentially equal division is the starting point from which the trial court then considers the factors set forth in R.C. 3105.18(B) and all other relevant factors in determining a final, equitable distribution. *Cherry, supra.* When pension and retirement plans are not terminated at the time of the divorce, the future tax consequences can only be estimated since it is not known at the time of divorce what the tax rates will be, or what the employee spouse's taxable income will be at the time of distribution. *Day* v. *Day* (1988), 40 Ohio App. 3d 155, 532 N.E. 2d 201. Whether or not the value of a party's pension and retirement plans which are not immediately terminated should be reduced by estimated future tax

164

consequences on distribution and, if so, by how much, are factors best left to the discretion of the trial court after hearing all the evidence and any expert testimony as to those tax consequences. See *Day, supra.* The role of the reviewing court is not to conduct an item-by-item review of the trial court's property division; rather, its role is limited to determining whether the trial court's disposition of the items resulted in a property division which viewed in its entirety was an abuse of discretion. *Briganti* v. *Briganti* (1984), 9 Ohio St. 3d 220, 9 OBR 529, 459 N.E. 2d 896.

From our review of the record, we find that the trial court did consider the factors enumerated in R.C. 3105.18, that there was evidence in the record to support its valuation of the marital assets, and that it did not abuse its discretion by not reducing the value of appellant's pension and retirement plans for future tax consequences.

In light of the foregoing, we conclude that the trial court did not abuse its discretion in ordering the property division that it did. Accordingly, appellant's second and third assignments of error are found not well-taken.

On consideration whereof, the judgment of the Sandusky County Court of Common Pleas is affirmed.

*Judgment affirmed.*

CONNORS and GLASSER, JJ., concur.