VERBANIC, Appellee,

v.

VERBANIC, Appellant.

[Cite as *Verbanic v. Verbanic* (1992), 83 Ohio App.3d 327.]

Court of Appeals of Ohio,
Trumbull County.

No. 91–T–4521.

Decided Oct. 23, 1992.

*Donald W. Hill* and *Charles A. Ziegler,* for appellee.

*James A. Denney,* for appellant.

NADER, Judge.

This matter is before the court on appeal from the Trumbull County Court of Common Pleas, Domestic Relations Division. Defendant-appellant, Annette R. Verbanic, seeks to reverse the trial court's judgment, entered after a bench trial, which granted appellant a divorce from plaintiff-appellee, Charles R. Verbanic.

Subsequent to the bench trial in this case, appellant's present counsel filed a motion for a new trial. This was denied by the trial court. A timely appeal (this case) was filed.

Over one year later, a motion for relief from judgment was filed in the trial court which alleged that Civ.R. 60(B)(5) warranted relief from judgment. The specific basis of the motion was that appellant's previous legal counsel had been suspended from the practice of law due to mental illness.

The trial court denied the motion for relief from judgment, but no notice of appeal was filed therefrom.

Appellant now assigns three errors alleged to have been committed by the trial court:

"1. The Trial Court abused its discretion by failing to conduct the trial of this matter in an orderly fashion, by not stopping the proceedings or granting a mistrial when the outrageous actions of Appellant's counsel obviously indicated the Appellant was not being afforded a fair trial.

"2. The Trial Court abused its discretion by ordering an inequitable property distribution between the parties by failing to consider all the evidence presented at trial relative to the valuation of the marital assets; and especially by completely ignoring the evidence relative to valuation presented by the Appellant.

"3. The Trial Court erred by overruling the Defendant–Appellant's Motion for Relief from Judgment pursuant to Ohio Civil Rule 60(B)(5)."

As we address appellant's first assignment of error, we are mindful of the distinction between the conduct of appellant's trial counsel and the conduct of the trial court. Unquestionably, the conduct of appellant's trial counsel was, at times, outrageous. The trial judge, however, conducted both himself and the trial in a proper manner. The court endeavored to complete the trial in a fair and expeditious manner, despite the antics of appellant's trial counsel, and appellant has failed to demonstrate where, on the record, the trial judge deviated from the standard of conduct which is imposed upon this state's judiciary. See Code of Judicial Conduct.

Appellant, instead, cites two cases in support of her request that the trial court's judgment be reversed.

In *Igo v. Coachman Industries, Inc.* (C.A. 6, 1991), 938 F.2d 650, a United States court of appeals held, *inter alia,* that the conduct of plaintiff's trial counsel was so egregious as to warrant reversal of a judgment entered upon a jury's verdict. We refuse to apply *Igo* to the instant case, which was tried to the court sitting without a jury. The *Igo* court expressly relied upon the jury's presence when it decided the case:

"A trial court cannot sit quietly while counsel inflames the passions of the jury with improper conduct, even if opposing counsel does not object. The trial court should have censured and stopped this conduct." *Id.* at 654.

If a jury were present in the instant case, the antics of appellant's trial counsel might have warranted a new trial. The absence of a jury, however, leads us to the conclusion that the trial was not error-filled in the sense that the *Igo* trial was.

Appellant also cites *State v. Brown* (Mar. 26, 1990), Mahoning App. No. 87 C.A. 145, unreported, 1990 WL 34744. Appellant argues that, unlike *Igo, Brown* involved a bench trial and the court of appeals reversed Brown's convictions for assault and resisting arrest on the basis of the outrageous conduct of Brown's trial counsel (who was appellant's trial counsel herein). The important distinction between *Brown* and the instant action is that a criminal defendant has a constitutional right to the assistance of counsel. Prosecutions in which defendants are denied the effective assistance of counsel are unlawful. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Hester* (1976), 45 Ohio St.2d 71, 74 O.O.2d 156, 341 N.E.2d 304. Such rule is not applicable to civil cases. If appellant's trial counsel was guilty of malpractice which harmed appellant, appellant's remedy is against her trial counsel; her remedy is not a new trial against appellee.

Appellant's first assignment of error is without merit.

In her second assignment of error, appellant argues that the trial court abused its discretion by ordering an inequitable distribution of the parties' marital assets.

■ Unquestionably, a trial court has broad discretion in determining what an equitable division of marital property would be. *Cherry v. Cherry* (1981), 66 Ohio St.2d 348, 20 O.O.3d 318, 421 N.E.2d 1293. The distribution of marital property will not be reversed absent a showing that the trial court abused its discretion. *Berish v. Berish* (1982), 69 Ohio St.2d 318, 23 O.O.3d 296, 432 N.E.2d 183. In this context, an abuse of discretion means more than an error of law; the decision must be unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140.

■ The trial court's opinion, rendered October 1, 1990, which was incorporated into the final divorce decree, reveals the court's thought processes as it related the evidence to several of the relevant factors to be considered under R.C. 3105.18(B) [1]:

"The Court finds that this marriage was of short duration; that Plaintiff's skills and dental practice were acquired prior to the marriage; that Defendant is employable; that there is no evidence of any expectancies or inheritance; that there are no children born as issue of marriage; that neither Plaintiff nor Defendant enjoyed a high standard of living during their marriage; that both parties are seized of significant assets (although Plaintiff has more, it must be noted, again, that he had almost $250,000 before the marriage); that Plaintiff brought substantial assets into the marriage; and that Defendant made insignificant contributions as a homemaker."

Ultimately, the trial court awarded appellant one half of the parties' marital estate. Appellee had introduced testimony and evidence that he had brought significant assets to the marriage. The trial court determined, in light of the above reasons, that appellant was not entitled to share in the previously acquired property.

Appellant cites *Noll v. Noll* (1989), 55 Ohio App.3d 160, 563 N.E.2d 44, and argues that the trial court abused its discretion by decreasing the value of the marital estate by a potential tax liability. While we agree that *Noll* stands for the proposition that the trial court has the discretion to decrease the value of the marital estate by the value of potential tax liabilities, we do not believe the trial court abused its discretion in this case. There was evidence for and against the

---

1. The amendments to R.C. 3105.18(B), effective Jan. 1, 1991 and Apr. 11, 1991, and found in H.B. No. 514 and S.B. No. 3, are not applicable to the instant action which was tried in August 1990.

possible tax consequences. It is apparent that the trial court chose to believe the appellee's expert on this issue.

With respect to the trial court's denial of appellant's request for a new trial, we note that at the hearing on appellant's motion for a new trial her appellate counsel presented no additional evidence or testimony which would indicate to the trial court that the appellee's calculations of the value of the marital estate were wrong. Instead, all that was presented were arguments and general allegations that the behavior of appellant's trial counsel had prejudiced the judge against appellant. The trial court, familiar with the specifics of the events which were described, overruled the motion for new trial. In the absence of any evidence that the trial court's determination of the value of the marital estate was erroneous, we decline to reverse such finding. This finding was supported by competent, credible evidence and must, therefore, be upheld; the trial court did not abuse its discretion. Appellant's second assignment of error is meritless.

Appellant's third assignment of error challenges the denial of appellant's Civ.R. 60(B) motion to vacate the judgment. It is not at all clear to us by what authority appellant claims the right to brief this issue over nine months after her initial brief was due; further, no notice of appeal was filed after the trial court denied appellant's motion to vacate the final judgment. It may be that this court is without jurisdiction to hear this issue because appellant has not complied with App.R. 3 and 4.

Even if this issue were properly before the court, the assignment of error is without merit.

Appellant's motion to vacate was brought pursuant to Civ.R. 60(B). Generally, in order for a moving party to prevail on a Civ.R. 60(B) motion, the party must show: first, that the party has a meritorious defense or claim to present if relief is granted; second, that the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and third, that the motion must be made within a reasonable time, and where the grounds for relief are Civ.R. 60(B)(1), (2), or (3), not more than one year has passed after the judgment, order or proceeding was entered or taken. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113. In order to prevail on appeal, the appellant must show that the trial court abused its discretion by overruling the Civ.R. 60(B)(5) motion. *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564, 566–567; *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122, 1123–1124.

It is clear that appellant based her motion on additional evidence that appellant's trial attorney has been suspended from the practice of law since the time the judgment was rendered. This evidence is offered to support the argument

that there was a lack of effective assistance of counsel. Two problems can be seen in this approach: first, as a procedural matter, the motion for relief is properly categorized as a Civ.R. 60(B)(2) motion and is time-barred; second, we have rejected appellant's argument that her remedy for "ineffective assistance of counsel" is a new trial against appellee. In light of this, the trial court did not abuse its discretion by denying appellant's Civ.R. 60(B) motion and appellant's third assignment of error is without merit.

We conclude that the trial court did not abuse its discretion and its judgment is affirmed.

*Judgment affirmed.*

JOSEPH E. MAHONEY, J., concurs.

CHRISTLEY, P.J., concurs in judgment only.