OPINION
On July 24, 1994, appellant, Heather Renee Leininger, and appellee, Jeffrey Leininger, were married. The parties have one child, Amber Lynn born December 30, 1992. Appellant and appellee each have another child from prior marriages. Appellant's child is Meghan Ray born July 4, 1990 and appellee's child is Christine born June 20, 1982.
On October 12, 1995, appellant filed a complaint for divorce. A final hearing before a magistrate was held on October 18, 21 and 22, 1996. By decision filed March 13, 1997, the magistrate granted the divorce, designated appellee residential parent of Amber, awarded appellee all of the equity in the marital residence and divided the parties' assets and debts.
On March 26, 1997, appellant filed objections to the magistrate's decision. By opinion and judgment entry filed July 17, 1997, the trial court denied the objections and approved the magistrate's decision. A final decree of divorce was filed on August 13, 1997.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE FACTORS USED BY THE MAGISTRATE AND THE COMMON PLEAS COURT IN ALLOCATING THE RESIDENTIAL STATUS TO THE DEFENDANT-APPELLEE CONSTITUTES PREJUDICIAL ERROR SINCE THE FACTORS WERE NOT SHOWN TO HAVE AN EFFECT ON AMBER LEININGER.
II
 THE DECISION OF THE MAGISTRATE AND THE OVERRULING THE OBJECTIONS BY THE COMMON PLEAS COURT CONSTITUTED AN ABUSE OF DISCRETION IN THE OVERRULING OF THE OBJECTIONS THE MAGISTRATE'S DECISION IN ALLOCATING THE DEFENDANT-APPELLEE AS THE RESIDENTIAL PARENT OF AMBER LEININGER.
III
 THE MAGISTRATE'S DECISION AND THE OVERRULING THE OBJECTIONS BY THE COMMON PLEAS COURT CONSTITUTES AN ABUSE OF DISCRETION IN FAILING TO CONSIDER THE RELATIONSHIP BETWEEN AMBER LEININGER AND MEGHAN RAY, SIBLING SISTERS.
IV
 THE DIVISION OF PROPERTY IN THIS CAUSE WAS NOT EQUITABLE AND CONSTITUTES AN ABUSE OF DISCRETION.
 I, II, III
Appellant's first three assignments of error challenge the trial court's designation of appellee as the residential parent of Amber. Appellant claims the trial court overemphasized her lifestyle and disregarded Amber's relationship with her half-sister Meghan. We disagree.
The standard of review in custody cases is whether the trial court abused its discretion. Miller v. Miller (1988), 37 Ohio St.3d 71, citing Dailey v. Dailey (1945), 146 Ohio St. 93. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
R.C. 3109.04 requires the trial court to determine the "best interest of the children" in allocating parental rights and responsibilities. Subsection (F)(1) sets forth certain factors to be considered by the trial court in determining the best interest of the child. Said statute instructs the trial court to consider all relevant factors; it does not require nor suggest that one factor is to be controlling. In her March 13, 1997 decision under Finding of Fact No. 18, the magistrate specifically addressed the R.C. 3109.04(F)(1) factors as follows:
 c. Amber has a positive relationship with both of her half-sisters. Amber lived with Megan from her birth through November 7, 1995. Since November 7, 1995, Amber has seen Megan during companionship with their mother. Amber has lived with Christine since Christine came to live with the Defendant.
 The Plaintiff currently resides with her sister, her brother-in-law and their children. There was not a great deal of evidence concerning Amber's relationship with these relatives. There was no evidence that Amber's relationship with any of these relatives has had a detrimental affect on her.
 Amber has a significant and loving relationship with her paternal grandmother. Mrs. Leininger has provided a home for Amber in the past and she has provided a significant amount of child care for Amber. She resides adjacent to the Defendant's residence and Amber can and does go to her grandmother's home on a regular basis.
 The Plaintiff had a relationship with a man named Rick Reece both prior to and during the parties' separation. She resided with Mr. Reece from November of 1995 through the summer of 1996. The evidence established that she continues to see Mr. Reece on a regular basis. Mr. Reece is age 24 and is a convicted felon, having spent time in prison. Mr. Reece did not testify at the final hearing, and there was no testimony regarding his relationship with Amber.
 The Defendant also has people residing with him. He lived with Sherrie and Steve Edwards at the time of the final hearing. There was no evidence that Sherrie and Steve Edwards' presence in Amber's home has any detrimental affect on her.
 d. Amber is well-adjusted to her present home and community. She has resided in the same home or her grandmother's home next door, since her birth. Amber does not yet attend school.
 e. The evidence established that the Plaintiff attempted suicide by overdose in about 1991. This occurred while the Plaintiff was still married to Mr. Ray and Megan was a very young child. Megan was present when the Plaintiff attempted suicide. The Plaintiff called a friend for assistance after the attempt and she did receive mental health treatment. The Plaintiff was prescribed and took Prozac after the suicide attempt. She `quit' taking the Prozac on her own, without consulting the doctor and without medical supervision, because she `didn't think it helped.' The Plaintiff denies ever receiving any other mental health treatment or counseling, except for one session at Appleseed Counseling after the parties' separation.
 The evidence also established that the Plaintiff has used illegal drugs, including marihuana and cocaine. The Plaintiff's testimony concerning when and how much she used these drugs was inconsistent and it differed from the testimony of other witnesses concerning statements the Plaintiff made to them about her drug usage. The Plaintiff claimed that she passed a drug screening test for her job at R R Donley, but she presented no corroborating evidence of that test.
 Both parties received psychological evaluations in this case. The clinical assessment of the Plaintiff performed by Dr. Schultz and Mr. Brohm did not reveal that the Plaintiff has any `significant psychological disturbances' or `distinctive clinical syndrome.' The psychological assessment did however indicate that the Plaintiff has a problem controlling her anger. It stated that the Plaintiff may have `overcontrolled hostility' and in the opinion of Mr. Brohm, the Plaintiff's `anger is a source of concern.' The evidence in this case corroborated that the Plaintiff has, from time to time, become angry and physically violent, hitting objects.
 There was no evidence that the Defendant has ever had any mental health condition necessitating treatment or counseling. There was also no evidence that he uses or ever has used illegal drugs. The psychological assessment of the Defendant by Dr. Schultz and Mr. Brohm did not reveal that the Defendant has any `significant psychological disorders.' The Plaintiff attempted to establish that the Defendant also has a history of angry and violent behavior. However, her testimony was not corroborated in any way and the bulk of the evidence established that the Defendant is generally `laid-back' in his demeanor.
 f. Both parties have facilitated companionship under this Court's temporary orders. There is no evidence upon which to conclude that either party would fail to honor and facilitate this Court's companionship orders in the future.
Appellant does not deny any of these facts, but claims some of the facts were too remote in time (the suicide) and had been corrected (she no longer dances at Fantasyland nor lives with a convicted felon). Appellant emphasizes appellee's shooting of the family dog, his support arrearage for Christine and his lack of involvement in parenting. Appellant also claims appellee abused her. T. at 306-311.
The trial court was faced with having to choose between two less than perfect parents. T. at 301-306, 317-318, 322, 345. We find although neither parent was a "saint," the trial court's reliance on the present stable home environment in close proximity to a loving grandmother and Amber's good relationship with her half-sister Christine to be sufficient in determining the best interest of the child. Appellant had no permanent residence (she was living with relatives) and had a history of mental instability and drug abuse.
We find the trial court did not abuse its discretion in designating appellee the residential parent of Amber.
Assignments of Error I, II and III are denied.
 IV
Appellant claims the trial court erred in dividing the marital property. We disagree.
Specifically, appellant claims there was no evidence of the premarital value of the marital residence to establish appellee's separate equity therein, and there was no appraisal of the personal property.
The trial court is given discretion in determining what is equitable. Cherry v. Cherry (1981), 66 Ohio St.2d 348. Our role is not to conduct an item by item review, but to determine if the trial court abused its discretion. Noll v. Noll (1989), 55 Ohio App.3d 160;Blakemore.
 MARITAL RESIDENCE
Appellee and his mother purchased a home (the disputed marital residence) in 1991. Appellee and appellant were married in 1994. Clearly the home was separate property attributable to appellee pursuant to R.C. 3105.171(A)(6)(a).
Appellee and his mother purchased the home for $8,000 via a loan from appellee's grandparents. T. at 410. Appellee testified the home's value at the time of the marriage was $25,000. T. at 170. Present value appraisals were submitted to the magistrate valuing the home at $40,000 (T. at 99) and $30,000 to $35,000 (T. at 224). The magistrate found appellee's separate equity to be $25,000. The magistrate found the present value to be $35,000 and chose to accept appellee's $25,000 value at the time of marriage.
It is up to the trier of fact to determine the weight of the evidence and the credibility of the witnesses. State v. Jamison
(1990), 49 Ohio St.3d 182. Upon review, we find no abuse of discretion in valuing appellee's separate equity at $25,000.
 PERSONAL PROPERTY
The personal property in dispute include a "Shopsmith" tool, "a full garage full of tools" and "thousands of tools, thousands of pieces of parts." T. at 328. By opinion and judgment entry filed July 17, 1997 at 8-9, the trial court found as follows:
 The record in this case reveals that the Court ordered a joint appraisal of personal property on September 30, 1996. The parties did not inform the Court that the appraisal had not occurred until the day of the final hearing. Neither party proposed a solution to the lack of appraisal. The burden to obtain the appraisal was upon the parties to this case. Both parties had an equal burden to obtain the appraisal since it was a joint appraisal. Between October 22, 1996 and early March of 1997, the Magistrate was waiting for debt information from both parties in order to complete the final decision. Neither party requested an opportunity to present further evidence to the Court from an appraiser concerning the personal property, even though there was certainly enough time to do so. The Court finds that the Plaintiff cannot fail to present evidence of valuation, when there has been a court-ordered appraisal, and then complain later that the decision does not contain sufficient factual findings of valuation. The Magistrate ordered a coin-toss division of the marital personal property and division of assets by that means has been found to be fair and equitable, in the absence of sufficient evidence establishing a full set of values for personal property.
We concur with the trial court. The failure to have an appraisal rests on the shoulders of the parties. We are not inclined to reverse a decision of a magistrate/trial court who is forced to make due with limited information as in the case subjudice. In addition, appellant freely admitted she took her property when she moved out. T. at 310.
As for the Shopsmith tool awarded to appellee, appellant testified she gave it to appellee as a "Christmas gift." T. at 310. Given this testimony, we find no abuse of discretion in awarding this item to appellee.
Assignment of Error IV is denied.
The judgment of the Court of Common Pleas of Ashland County, Ohio, Domestic Relation Division is hereby affirmed.
By Farmer, P.J. Reader, J. and Wise, J. concur.
 JUDGMENT ENTRY
CASE NO. 97 COA 01227
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Ashland County, Ohio, Domestic Relations Division is affirmed.