[Cite as *Scales v. Scales*, 2009-Ohio-6865.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

DAVID L. SCALES,

    PLAINTIFF-APPELLANT,
    CROSS-APPELLEE,                  CASE NO. 8-09-11

    v.

DESTINIE M. SCALES,                   O P I N I O N

    DEFENDANT-APPELLEE,
    CROSS-APPELLANT.

Appeal from Logan County Common Pleas Court
Family Court
Trial Court No. DR07-10-0206

**Judgment Affirmed**

Date of Decision:  December 28, 2009

APPEARANCES:

    *Dorothy Liggett-Pelanda* for Appellant

    *Bridget D. Hawkins* for Appellee

**PRESTON, P.J.**

{¶1} Plaintiff-appellant and cross-appellee, David L. Scales (hereinafter "David"), and defendant-appellee and cross-appellant, Destinie Scales (hereinafter "Destinie"), appeal the Logan County Court of Common Pleas' judgment entry of divorce. We affirm.

{¶2} David and Destinie were married on August 27, 1983. (Apr. 28, 2008 Tr. at 60, 107). Five (5) children were born as issue of the marriage: David L. Scales, II (D.O.B. 2/13/86); Hilary R. Scales (D.O.B. 9/18/89); Rebecca A. Scales (D.O.B. 3/16/90); Paul M. Scales (D.O.B. 1/12/92); and Jordan W. Scales (D.O.B. 11/28/95). (Id.); (Mar. 24, 2009 JE, Doc. No. 79).

{¶3} On October 15, 2007, David filed a complaint for divorce. (Doc. No. 1). The complaint proceeded to a final divorce hearing on April 28, 2008. (Doc. Nos. 42, 51, 53).

{¶4} On March 24, 2009, the trial court filed its judgment entry granting David's complaint for divorce upon the ground of gross neglect under R.C. 3105.01(F). (Doc. No. 79). After making a division of the parties' property, the trial court ordered that David be designated as the residential parent and legal guardian of the parties' two minor children, Paul and Jordan. (Id.). The trial court further ordered that Destinie pay child support to David in the amount of $238.24

per month. (Id.). The trial court ordered that David pay Destinie spousal support for sixty (60) months in the sum of $1,045.83/month less Destinie's child support obligation ($238.24) for a net total of $828.50/month. (Id.).

{¶5} On April 20, 2009, David filed his notice of appeal. (Doc. No. 90). On April 23, 2009, Destinie filed her notice of appeal. David now appeals to this Court asserting one assignment of error for our review. In her cross-appeal, Destinie has asserted one assignment of error for our review as well. Since both parties have appealed the trial court's spousal support award, we elect to address these assignments of error together.

### DAVID'S ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED WHEN IT AWARDED SPOUSAL SUPPORT TO APPELLEE. JUDGMENT ENTRY FILED MARCH 24, 2009.**

### DESTINIE'S ASSIGNMENT OF ERROR ON CROSS-APPEAL

**THE TRIAL COURT ABUSED ITS DISCRETION IN LIMITING CROSS APPELLANT'S AWARD OF SPOUSAL SUPPORT TO FIVE YEARS.**

{¶6} In his assignment of error, David argues that the trial court abused its discretion when it ordered him to pay $1,066.00 per month in spousal support for five (5) years when the trial court failed to consider the R.C. 3105.18(C) factors. Specifically, David argues that the trial court erred by not making specific findings of fact relative to each statutory factor. David further argues that there was insufficient evidence upon which the trial court made its spousal support

calculation since there was no testimony regarding: Destinie's monthly budget; lost income production; or the amount of money Destinie would need to obtain additional education. David also points out that the trial court did not attach a calculation sheet to its judgment entry, and that the judgment entry is unclear as to whether his support obligation is five (5) or six (6) years.

{¶7} Destinie, in her assignment of error, argues that the trial court abused its discretion by failing to permanently award her spousal support. Destinie argues that the trial court failed to consider the duration of the marriage and her physical condition under R.C. 3105.18. Destinie also argues that she was entitled to a permanent award of spousal support because: the marriage was a long-term marriage; she was advanced in age and a homemaker; and she had little opportunity to develop employment outside the home.

{¶8} R.C. 3105.18 provides, in relevant part:

**(C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:**

**(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;**
**(b) The relative earning abilities of the parties;**
**(c) The ages and the physical, mental, and emotional conditions of the parties;**
**(d) The retirement benefits of the parties;**
**(e) The duration of the marriage;**

**(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;**
**(g) The standard of living of the parties established during the marriage;**
**(h) The relative extent of education of the parties;**
**(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;**
**(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;**
**(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;**
**(l) The tax consequences, for each party, of an award of spousal support;**
**(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;**
**(n) Any other factor that the court expressly finds to be relevant and equitable.**

A trial court must make specific findings "to enable a reviewing court to determine the reasonableness of its order to grant or deny a request for spousal support and that the relevant factors within R.C. 3105.18 were considered." *Hendricks v. Hendricks*, 3d Dist. No. 15-08-08, 2008-Ohio-6754, ¶31, quoting *Lee v. Lee*, 3d Dist. No. 17-01-05, 2001-Ohio-2245. However, a trial court's failure to "specifically enumerate" the factors is not reversible error. *Hendricks*, 2008-Ohio-6754, at ¶31, citations omitted. Appellate review of a trial court's spousal support determination is under an abuse of discretion standard. Id. at ¶29, citing *Siefker v. Siefker*, 3d Dist. No. 12-06-04, 2006-Ohio-5154, ¶15. An abuse of discretion is

more than an error of law; rather, it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1980), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

{¶9} The trial court's judgment entry of divorce lists the R.C. 3105.18(C)(1) factors, and then provides the following analysis of those factors:

**In considering the Defendant's requests, the Court has considered and reviewed all of these factors and FINDS as follows:**

**As to income of the parties from all sources and the relative income earning ability of the parties, the Plaintiff clearly has the larger of the income as well as the earning capacity of the parties. This was evident by the parties' testimony and respective DR-10's filed with the Court.**

**As to the ages and physical, mental, and emotional conditions of the parties, that they are on fairly equal footing as to these factors. That the retirement benefits of the parties are a consideration since the Defendant has the potential of very minimal retirement of Social Security at best, while the Plaintiff has accumulated retirement benefits through employment. At the same time, these retirement benefits have been considered in the division of property and should not be considered here.**

**The Court FINDS that the provisions of O.R.C. 3105.18(C)(1)(g) and (h) are factors to be considered in the instant case, because Plaintiff has the advantage over the Defendant with respect to earning capacity. While the Defendant offered testimony concerning her financial needs for spousal support, there was no specific testimony as to the amount or the standard of living of the parties established during the marriage. However, it is clear from the income disparity that the standard of living of the Defendant would be considerably less than that of the Plaintiff without some consideration of spousal support. However, the Court also considers *Tremaine v. Tremaine* (1996), 111 Ohio App.3d 703, 676 N.E.2d 1249, which holds that O.R.C.**

> **3105.18(C)(1)(g) does not require a support award that provides the parties with equal standards of living.**
>
> **The Court further FINDS that there was no testimony offered regarding the tax consequences of either party or the impact of an award of spousal support, nor was there any testimony that the Defendant lost income production capacity resulting from her marriage responsibilities or anything regarding the standard of living of the parties. Defendant did testify that she would require additional education to obtain employment outside of factory work in order to be able to be self-supporting even though she provided no evidence of the cost or duration of such training. Accordingly the provisions of R.C. 3105.18(C)(1)(j), (k), (l), or (m) were not factors to be considered in the instant case.**
>
> **The Court further FINDS that as to the duration of the marriage, the parties were married on August 27, 1983, representing a marriage of over twenty-four years at the time of the final hearing. The Court FINDS that based on a twenty-four year marriage, and the other factors enumerated above, an award of spousal support is indicated. In making that determination, the Court considered and reviewed the following case law: _Kunkle v. Kunkle_ (1990), 51 Ohio St.3d [6]4, 554 N.E.2d 83, sets forth the proposition that absent mitigating factors an award of spousal support should be of definite duration.**

(Mar. 24, 2009 JE, Doc. No. 79, at 9-10).

{¶10} After reviewing the record herein, we cannot conclude that the trial court abused its discretion by ordering David to pay Destinie spousal support in the amount of $1,066.74 per month for five (5) years. Contrary to David's argument, the trial court clearly considered those R.C. 3105.18(C)(1) factors relevant to the case before it. (Id.). The trial court also had before it a monthly budget of the parties. (Apr. 28, 2008 Tr. at 98, 133); (Def.'s Ex. B). Also contrary

- 7 -

to David's assertions, the trial court clearly noted that Destinie failed to produce evidence concerning her lossed income production capacity and how much money she would need for further education. (Mar. 24, 2009 JE, Doc. No. 79, at 9-10). The trial court, therefore, found that these factors ((k) & (l)) were not relevant to its determination since no evidence was presented on these factors. (Id.). Both parties failed to produce evidence concerning the tax consequences of the trial court's award of spousal support. (Id.). We find no abuse of discretion with the trial court finding irrelevant those factors for which the parties failed to produce evidence. We also reject David's assertion that the trial court erred by failing to attach a computation of its spousal support award to the judgment entry. A trial court has broad discretion in fashioning a spousal support award based upon the circumstances of the case. *Bechtol v. Bechtol* (1990), 49 Ohio St.3d 21, 24, 550 N.E.2d 178; *Noll v. Noll* (1989), 55 Ohio App.3d 160, 162, 563 N.E.2d 44. Here the trial court found the duration of the marriage (24 years) and the income disparity important when fashioning its spousal support award. Nonetheless, it also considered it important that the award be definite in duration. We find no abuse of discretion with the trial court's spousal support award. Finally, the trial court clarified that David was ordered to pay spousal support for five (5) years in its nunc pro tunc entry filed on May 19, 2009. (Doc. No. 111).

{¶11} We must also reject Destinie's arguments. To begin with the trial court did consider the duration of the marriage and Destinie's physical condition

in its judgment. (Mar. 24, 2009 JE, Doc. No. 79). In fact, Destinie was awarded five (5) years of spousal support in large part due to the fact that the parties were married for twenty-four (24) years. (Id.). The trial court also noted that the parties were on "equal footing" with regard to their health, and the record supports the trial court's assessment in this regard. Although Destinie testified that she had blood clots in her leg and back injuries, David testified that he had a pacemaker and was taking medication for rheumatoid arthritis. (Apr. 28, 2008 Tr. at 95, 105, 109). Furthermore, we reject Destinie's argument that the trial court abused its discretion by failing to award her permanent spousal support. Contrary to her assertions otherwise, *Kunkle v. Kunkle* does not *require* the trial court to award a spousal support permanently if the spouse seeking support meets all of its mitigating factors. *Hutta v. Hutta*, 177 Ohio App.3d 414, 2008-Ohio-3756, 894 N.E.2d 1282, ¶40, citing *Sears v. Sears*, 5th Dist. No. 2001CA00368, 2002-Ohio-4069, ¶¶18-19. Although the marriage was long term, Destinie worked outside of the home throughout the marriage including at: Wal-Mart, Bob Evans, Burger King, and, for the past seven (7) years, on an assembly line for Honda. (Id. at 110-11). When asked if she could return to her job at Honda, Destinie testified "yes * * * I am optimistic." (Id. at 112). Furthermore, at the time of the final divorce hearing, Destinie was only forty-four (44) years old. (See Doc. No. 1 (Destinie's d.o.b. 8/22/63); Doc. No. 37 (same); Doc. No. 72 (same)). We cannot find that the

trial court abused its discretion by not awarding Destinie a permanent award of spousal support under the facts and circumstances of this case.

**{¶12}** For all these reasons, David and Destinie's assignments of error are overruled.

**{¶13}** Having found no error prejudicial to the appellant or the cross-appellant in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**ROGERS and SHAW, J.J., concur.**

**/jnc**