SHEETS ET AL., APPELLEES, *v.* CHITTUM, APPELLANT.

(No. 4552—Decided September 27, 1951.)

*Messrs. Folkerth & Folkerth* and *Mr. John L. Rittinger,* for appellees.

*Mr. Henry A. Reinhard* and *Mr. Russ Bothwell,* for appellant.

WISEMAN, J. This is an appeal on questions of law from a judgment of the Common Pleas Court of Franklin County. This action was brought on a bond and for damages for malicious prosecution.

The record shows that in cause No. 177775, Common Pleas Court, Franklin county, Augusta Chittum, the defendant-appellant herein, was party plaintiff in an action for an injunction against John W. Sheets and Lillian J. Sykes, the plaintiffs-appellees herein. In that action the plaintiff, Chittum, filed a motion for a temporary restraining order, which was granted without notice to Sheets or Sykes, restraining them from proceeding with the construction of a house on lots 516 and 517 of Dominion Park Addition. Lot No. 516 is situated immediately to the west and adjacent to the Chittum property, and lot No. 517 is situated immediately to the west and adjacent to lot 516. Sheets and Sykes filed a motion to dissolve the temporary restraining order. Within a few days the case was heard on the merits. The only relief sought was a permanent injunction. On the hearing on the merits the court found that there was no ground for issuing an injunction and dissolved the temporary restraining order.

In cause No. 178311, Common Pleas Court, Franklin county, which is now before this court on appeal, John W. Sheets and Lillian J. Sykes joined as parties plaintiff in an action against Augusta Chittum for damages alleged to have been suffered by the plaintiffs by reason of the prosecution of the injunction action and being compelled to employ counsel to defend. The first cause of action is on the bond of $500 which was given by Chittum in the injunction action. The second cause of action is one for malicious prosecution of the injunction action. The defendant, Chittum, filed a cross-petition in which she alleges she suffered dam-

ages by reason of the excavation and construction of the house by Sheets on lot No. 516 which was situated adjacent to the Chittum property. No question has been raised with respect to the joinder of parties plaintiff.

The case was tried to a jury. The evidence presented on behalf of the plaintiffs was to the effect that Sykes had expended $210 and Sheets $250 in the employment of counsel to defend the injunction action; and with respect to Sheets the evidence tended to show that he was delayed in the construction of the house on lot 516 until the injunction action was terminated, which delay caused him extra expense. Some evidence was presented in support of the second cause of action in which the plaintiffs contended that Chittum maliciously and without probable cause prosecuted the injunction action. The defendant presented evidence in support of her cross-petition to the effect that Sheets, in filling a low place on lot No. 516, allowed dirt, stones and debris to roll over onto the property of Chittum.

The jury returned a general verdict in favor of the plaintiffs in the amount of $500, of which total amount the jury found that there was due the plaintiff Sheets, $290, and the plaintiff Sykes, $210. On the cross-petition, the jury returned a verdict in favor of Chittum and against Sheets in the amount of $100. The court had dismissed the cross-petition against Sykes on the ground of failure of proof. In taking this action the court acted properly.

In rendering judgment on the verdict, the court found the verdict to be supported, overruled defendant's motion to vacate the verdict, overruled defendant's motion for judgment notwithstanding the verdict, and finally rendered judgment for $210 in favor of Sykes and, with respect to Sheets, set off the $100

due the defendant on her cross-petition against $290 due the plaintiff Sheets on the petition, and rendered judgment in favor of Sheets against Chittum for the difference of $190. We find that the trial court acted properly in so doing.

Several interrogatories were submitted. In answer to the interrogatories, the jury found that the injunction action had been brought by Chittum without probable cause, but, also, found that the injunction action was instituted and prosecuted without malice. The action of the jury in failing to return a verdict for the plaintiffs for damages in a greater sum than $500, the amount of the bond sued upon, is in accord with the jury's answer to the interrogatory that there was no malice shown. The verdict for the plaintiffs being in the amount of $500, the amount of the bond, the verdict is valid inasmuch as it is supported by the pleadings and the evidence.

The appellant, Chittum, contends that since the jury found the injunction action was not instituted or prosecuted with malice the verdict cannot be supported. The appellant makes the point that Sheets and Sykes are not permitted to recover as damages the amount paid by them to their attorneys in defending the injunction suit, on the ground that, under the law of Ohio, in order to recover for attorney's fees, malice must be shown. As a general proposition of law attorney's fees are not recoverable except where punitive damages are recoverable. 13 Ohio Jurisprudence, 187, Section 102.

The plaintiffs based their right of recovery in their second cause of action on malicious prosecution, and, since the jury found that malice was not shown, the plaintiffs could not and did not recover any damages on the second cause of action. The evidence presented on the issue of malice was referable only to the second cause of action. In the first cause of action, which in-

volved the right to recover on the injunction bond, malice was not an issue.

As a general rule, attorney's fees cannot be recovered as an element of damages for breach of a simple contract. 13 Ohio Jurisprudence, 192, Section 105. But it has been held that there are some agreements for the breach of which attorney's fees may be recovered. In 13 Ohio Jurisprudence, 193, Section 105, it is stated:

"Thus, in suits on injunction or attachment bonds, reasonable counsel fees may be included in the amount awarded."

In *Noble* v. *Arnold*, 23 Ohio St., 264, the syllabus is as follows:

"In an action on an undertaking for an injunction, whereby the plaintiff agrees to pay the defendant 'the damages he may sustain by reason of the injunction,' if it be finally decided that it ought not to have been granted. *Held*:

"1. That attorney fees and expenses necessarily incurred in obtaining a dissolution of an injunction, may be recovered as damages secured by the undertaking, when it is finally decided that the injunction ought not to have been granted.

"2. But where the attorney fees and expenses are incurred in defeating the action, and the dissolution of the injunction is only incidental to the result, such fees and expenses are not damages sustained by reason of the injunction, and no recovery therefor can be had upon the undertaking.

"3. An indebtedness, or liability to pay attorney fees and expenses, incurred in procuring a dissolution of an injunction, is sufficient damage to sustain an action on the undertaking."

The case of *Noble* v. *Arnold* has been cited with approval in later opinions and is regarded as the established law in Ohio.

In 164 A. L. R., 1099, is found the note of the editor, which reads as follows:

"The view adopted in a number of jurisdictions is that if the injunctive relief obtained pending the determination of the suit is the sole or the principal purpose of the suit, the ultimate relief sought being solely or principally the perpetuation of the temporary injunction, then upon its dissolution upon the final hearing of the cause itself, counsel fees are recoverable as for the defense of the entire suit." (Cases cited.)

In the first action, the sole relief sought was injunctive relief, and the services of the attorneys representing Sheets and Sykes in that action were rendered solely in opposition to the granting of such relief. Thus, the facts in the instant case require the application of the principle of law laid down in the case of *Noble* v. *Arnold, supra.*

In 21 Ohio Jurisprudence, 1308, 1309, Sections 230, 231, the measure of damages in such action is stated as follows:

"The measure of damages in an action upon an injunction bond is the amount which will compensate the one injured by the injunction for all loss and injury naturally and fairly referable to the wrongful act in obtaining the injunction * * *.

" * * *

"Attorneys' fees necessarily incurred in obtaining dissolution of an injunction wrongfully issued may be allowed in assessing the damages in an action on the injunction bond."

We find no assignments of error well made. Finding no error in the record prejudicial to the rights of the appellant, the judgment is affirmed.

*Judgment affirmed.*

HORNBECK, P. J., and MILLER, J., concur.