HUNTER, APPELLANT, *v.* FURCOLOW, APPELLEE.

(No. 2602—Decided February 19, 1954.)

*Mr. F. E. Hunter,* for appellant.

*Messrs. Blumenstiel, Strong & Blumenstiel,* for appellee.

MONTGOMERY, J. The plaintiff, appellant herein, brought an action for money only in the Municipal Court of the City of Alliance against the defendant, appellee herein, and obtained judgment by default. Thereupon he started a proceeding in aid of execution to satisfy the judgment, and succeeded in holding two deposits in a local bank. The defendant filed a motion to set aside the judgment or suspend the execution and filed an answer. Trial was had and final judgment

rendered for the defendant. The money was ordered released, notice of appeal was given to the Court of Appeals, and an appeal was perfected.

Upon the rendition of the judgment in the lower court, however, the plaintiff gave a supersedeas bond, which provided:

"If the said F. E. Hunter shall abide and perform the order and judgment of said Court of Appeals, and guarantee to the said Francis G. Furcolow that he will prosecute said appeal as speedily as possible and pay all damages and costs sustained by said Francis G. Furcolow from the time the property of the said Francis G. Furcolow was originally seized * * *."

This bond is substantially in the language of the statute providing for supersedeas bonds, which is now Section 2505.14, Revised Code. Although not in the exact language, it conforms sufficiently to the statute.

This court, upon hearing, affirmed the judgment of the lower court by a simple order of affirmance and by directing "that the appellee recover from the appellant his costs herein expended, and taxed at ____ dollars."

The cause was remanded to the lower court for further proceedings. The plaintiff filed a motion to certify the record in the Supreme Court, which motion was overruled, and thereafter, plaintiff filed an application for rehearing, which application was denied.

Thereupon the defendant filed a motion in the Municipal Court "for an order entering judgment against the plaintiff, F. E. Hunter, for damages and costs sustained by the defendant from the date certain monies belonging to the defendant were seized and continuously thereafter held by the clerk of Court."

The motion was sustained and judgment was rendered for Furcolow against Hunter in the sum of $599.50, of which amount the journal entry shows a

portion was for interest which had accrued on the monies held, "together with other costs and damages in the sum of $500.50." Actually, this latter amount consisted of the fees incurred for Furcolow's attorneys. The other costs have been paid. It is from this order that the present appeal upon which we are now passing was perfected.

There are four assignments of error: First, that the Municipal Court erred in making any assessment for damages when the Court of Appeals had failed to provide any penalty for the appeal, and consequently the Municipal Court did not have jurisdiction; second, that the Municipal Court erred in including the attorney fees as damages; third, that the Municipal Court erred in determining the amount of interest, if any, that the plaintiff should pay; and fourth, that the Municipal Court erred in overruling the motion to strike from the record all testimony relative to attorney fees.

We have no difficulty in disposing of the first and third assigned errors, and the fourth, of course, is incidental to the second, and the determination of the second assigned error disposes of the fourth one.

This first contention is not tenable. The statutes upon which plaintiff relies have no application to the instant situation. They have to do with special circumstances, or with penalties fixed by the reviewing court. In our judgment this situation is controlled by Section 2505.09, Revised Code, which is in this language:

"No appeal shall operate as a stay of execution, except as provided in Sections 2505.11 and 2505.12 of the Revised Code, until a supersedeas bond is executed by the appellant to the adverse party with sufficient surety and in such sum, not less than the amount of the judgment and interest, as is directed by the court making the order which is sought to be superseded or by the court to which the appeal is taken. Such bond shall be

conditioned as provided in Section 2505.14 of the Revised Code.''

Certainly the Municipal Court was the court ''making the order,'' and specific jurisdiction is given it by this section.

As to assigned error number three, we hold specifically that Section 1309.03, Revised Code, which was formerly Section 8205, General Code, controls. Six per cent is the amount of interest authorized by that statute, and such is the amount awarded in the instant case.

There remains the one and only serious question which confronts us, and that is the allowance of attorney fees as damages. To answer the question either way is not thoroughly satisfactory. No great principle is involved, and there can be no instinctive reaction as to what is right, and, unfortunately, and strange to believe, there is no case of which we have knowledge which determines this matter specifically or directly.

The Supreme Court of Ohio in the case of *United Power Co.* v. *Matheny,* 81 Ohio State, 204, at page 211, 90 N. E., 154, 28 L. R. A. (N. S.), 761, states:

''But, although we have made a somewhat extended search, we are not aware of any well considered case in which it was held that, in the absence of statute or express agreement, attorney's fees might be included as part of the damages where compensatory damages only could be allowed.''

In the instant case we are not confronted with any claim of malice or any claim of fraud or any claim that the appeal was frivolous. Therefore, it seems to us that the language just quoted is generally applicable to our case.

There is no statutory specification that damages, as mentioned in Section 2505.14, Revised Code, include

attorney fees. It is contended simply by the defendant that the bond is the express agreement which would distinguish our case from the *Matheny case, supra.* The bond does not expressly include attorney fees, and it could be only by inference that they should be included.

An interesting, but not too instructive discussion of this situation is to be found in 83 Corpus Juris Secundum, 898. It is valuable chiefly by virtue of a foot note based upon a Kentucky case to the report of which, however, the writer does not have access.

It is urged by the defendant that the instant proceeding is similar to an injunction or an attachment case, and this has given us real concern. Perhaps the leading case in Ohio is that of *Noble* v. *Arnold*, 23 Ohio St., 264, and that was followed in the recent case of *Sheets* v. *Chittum*, 90 Ohio App., 341, 106 N. E. (2d), 782. But in the *Noble case*, the fees were incurred in defeating the action and the dissolution of the injunction was only incidental, and in the *Sheets case* the only relief sought was a permanent injunction. This fact distinguished the two cases, and justified the conclusion in this Court of Appeals case.

In the instant case, it was vigorously contended that the plaintiff was entitled to his judgment, and that issue was fought all the way to the Supreme Court, as heretofore indicated. The release of the money was an incident. It is our judgment that the attorney fees should not have been allowed as damages.

It follows that the judgment of the Municipal Court of the city of Alliance is reversed so far as it awarded judgment for this sum of $500.50. As to the other items, the judgment is affirmed.

*Judgment accordingly.*

PUTNAM, P. J., and McCLINTOCK, J., concur.