TEETER, APPELLEE, *v.* TEETER, APPELLANT.

[Cite as Teeter *v.* Teeter (1985), 18 Ohio St. 3d 76.]

(No. 84-1409—Decided June 26, 1985.)

*Gary L. Willen,* for appellee.

*Johnson & Johnson Co., L.P.A.,* and *Michael C. Johnson,* for appellant.

*Per Curiam.* The first issue in this case is whether the trial court abused its discretion in awarding appellee more than one-half of all marital assets, including one-half of appellant's military retirement pension.[1]

After a divorce has been granted, the trial court is required to equitably divide and distribute the marital estate between the parties, and to consider whether an award of alimony would be appropriate. See *Wolfe* v. *Wolfe* (1976), 46 Ohio St. 2d 399, 414 [75 O.O.2d 474]. Trial courts are vested with broad discretion in determining the appropriate scope of these property awards. *Berish* v. *Berish* (1982), 69 Ohio St. 2d 318, 319 [23 O.O.3d 296]. Although its discretion is not unlimited, the trial court has authority to do what is equitable, and its judgment should not be reversed unless it has abused its discretion. *Cherry* v. *Cherry* (1981), 66 Ohio St. 2d 348, 355 [20 O.O.3d 318]. An abuse of discretion connotes more than just an error in judgment, it implies that the court's attitude is unreasonable,

---

[1] Both parties to this litigation recognize that Section 1408, Title 10, U.S. Code, dealing with payment of military retirement pay in compliance with court orders, authorized the Court of Common Pleas of Carroll County to award appellee a portion of appellant's Air Force pension benefits. The question before this court is whether the trial court's division of property order constituted an abuse of discretion.

arbitrary or unconscionable. *Blakemore* v. *Blakemore* (1983), 5 Ohio St. 3d 217, 219.

Our review of the record reveals that the trial court considered the relative earning abilities of the parties, and their liabilities and assets. The court then entered a division of property order under which appellant received household goods, a stereo, guns, a camper, proceeds of the sale of Christmas trees in 1982, proceeds of the sale of a car and cash. The value of these assets was about $11,700. Appellee received household goods, jewelry, a camper, three cars, a mink coat, proceeds from the sale of Christmas trees in 1981 and cash. The value of these assets was $13,650. In addition, appellant was given the option to purchase certain real estate and the trial court awarded each party one-half of appellant's Air Force pension benefits.

Upon consideration of the foregoing, we find that the trial court's division of property order was not unreasonable, arbitrary or unconscionable. Thus, the trial court committed no abuse of discretion in this respect.

The second issue in this case is whether the court of appeals erred by reviewing proposed findings of fact and conclusions of law that were not adopted by the trial court.

Appellant, in the court of appeals, argued that the trial court erred by failing to consider an alleged $2,000 Christmas Club account in making its division of property order. The appellate court dismissed this argument by stating: "Each party submitted proposed findings of fact * * *. In his proposed findings, the appellant made no mention of a Christmas Club. In his proposed division of property, he made no mention of a Christmas Club. If, in fact, this was a marital asset, appellant should have brought it to the attention of the court."

App. R. 9, dealing with the record on appeal, states in relevant part: "(A) *The original papers* and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court shall constitute the record on appeal in all cases." (Emphasis added.)

App. R. 12, dealing with determination and judgment on appeal, expressly states that "* * * [t]he appeal shall be determined on its merits on the assignments of error set forth in the briefs required by Rule 16, *on the record on appeal as provided by Rule 9,* and, unless waived, on the oral arguments of the parties, or their counsel, as provided by Rule 21. * * *" (Emphasis added.)

The proposed findings of fact and conclusions of law that appellant presented to the trial court were part of the original papers filed in that court and were, therefore, part of the record on appeal. The court of appeals committed no error by reviewing that record to determine whether appellant had brought an alleged fact to the trial court's attention.

For the foregoing reasons, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.