CHILLICOTHE RESTORATION FOUNDATION ET AL., APPELLANTS AND CROSS-APPELLEES, *v.* CHILLICOTHE DESIGN BOARD OF REVIEW; BYERS, APPELLEE AND CROSS-APPELLANT.

(No. 1450—Decided September 12, 1988.)

*Thomas E. Phillips* and *Richard S. Lovering,* for appellants and cross-appellees.

*Richard G. Ward,* for appellee and cross-appellant Byers.

*Per Curiam.* This is an appeal from a Ross County Common Pleas Court judgment on appellee's motion to assess damages for a wrongfully issued temporary restraining order. Appellants obtained the temporary restraining order on March 9, 1987, in conjunction with their appeal to the Ross County Common Pleas Court from a Design Board of Review decision permitting appellee to demolish a building known as "The Old Brewery." When the court below determined appellants failed to properly invoke the court's jurisdiction to hear the appeal, the court dismissed the appeal and dissolved the temporary restraining order in a March 23, 1987 judgment entry.

On April 24, 1987, appellee moved for an assessment of damages against appellants. Appellee contended the fourteen-day-long temporary restrain-

ing order caused him to suffer a total loss of $21,902, including a $4,125 increase in demolition costs pursuant to a delay clause in his demolition contract, a $1,479 loss on return on his investment, a $12,798 increase in interest rates, and $3,500 attorney fees incurred in seeking a dissolution of the temporary restraining order.

The court below heard evidence on the motion and awarded appellee $3,850 for increased demolition costs. The court rejected appellee's claims for loss of return of his investment, for the interest rate increase, and for attorney fees, finding them to be "* * * too speculative and uncertain in their nature in that the damage claimed cannot be fairly and accurately determined or that the temporary restraining order was the cause of said damages."

The court specifically found the temporary restraining order should not have been granted.

We affirm in part and reverse in part.

### Assignment of Error I

"The trial court erred in finding that the temporary restraining order should not have been granted."

Appellants note the court below cited *Berkey Farmers' Mut. Tel. Co.* v. *Sylvania Home Tel. Co.* (1917), 97 Ohio St. 67, 119 N.E. 140, where the Ohio Supreme Court held a dissolution of an injunction is conclusive evidence that it should not have been granted. Appellants proceed to distinguish *Berkey* from the case at bar, as we did in *Daniel Constr. Co.* v. *Internatl. Bhd. of Electrical Workers, Local 88* (Dec. 10, 1986), Ross App. Nos. 1237 and 1243, unreported. We find both *Berkey* and *Daniel* inapplicable to the case at bar.

*Berkey* involved a separate action for damages brought subsequent to another action in which the court dissolved an injunction. *Berkey* held that the dissolution of an injunction in one action is conclusive evidence in a subsequent action that the injunction should not have been granted.

In *Daniel,* we faced a situation where the trial court allowed a temporary restraining order to expire. Later, in the same action, the trial court declined to grant attorney fees incurred in opposing the injunction. The trial court *never stated* whether the temporary restraining order "should not have been granted." The appellant in *Daniel* argued the applicability of the *Berkey* pronouncement that "the dissolution of [an] injunction [is] conclusive evidence that the injunction ought not to have been granted." *Id.* at paragraph one of the syllabus. We disagreed. We held the *Berkey* pronouncement inapplicable to situations where the court permits a temporary restraining order to expire of its own terms.

In the case at bar, we do not have to guess at whether the court below found the temporary restraining order "should not have been granted." The court below, unlike the courts in *Berkey* and *Daniel,* made an express finding that the temporary restraining order should not have been granted.

We agree with the finding of the court below that the temporary restraining order should not have been granted. Appellants' failure to file a timely notice of appeal from the Design Board of Review precludes an appeal on the merits, and consequently precludes the necessity of a temporary restraining order pending appeal.

Appellants' first assignment of error is overruled.

### Assignment of Error II

"The trial court erred in awarding damages to appellee where appellee had failed to demonstrate that he had involuntarily incurred such damages."

Appellants contend the liquidated damages clause in appellee's contract with the demolition contractor is in

violation of public policy. In this regard, appellants cite *Samson Sales, Inc.* v. *Honeywell, Inc.* (1984), 12 Ohio St. 3d 27, 12 OBR 23, 465 N.E. 2d 392, where the court listed three factors to consider when determining whether a liquidated damages clause violates public policy.

We agree with appellee that the record below contains sufficient evidence to support the judgment awarding appellee $3,850 for increased demolition costs. Appellee Byers testified that the demolition contractor was on site ready to begin the demolition on March 9, 1987, when the court issued the temporary restraining order. The contract between Byers and the contractor provided Byers would pay an additional $275 for each day the contractor might be prevented from performing his duties under the contract.

As a reviewing court, we must affirm where competent, credible evidence exists to support the judgment below. *Seasons Coal Co.* v. *Cleveland* (1984), 10 Ohio St. 3d 77, 80, 10 OBR 408, 411-412, 461 N.E. 2d 1273, 1276. Accordingly, we overrule appellants' second assignment of error.

Appellee raises the following assignment of error on cross-appeal:

"The trial court erred in denying appellee's claim for attorney's fees as damages."

Appellee cites *Noble* v. *Arnold* (1872), 23 Ohio St. 264, paragraph one of the syllabus, where the court held:

"That attorney fees and expenses necessarily incurred in obtaining a dissolution of an injunction, *may* be recovered as damages secured by the undertaking, when it is finally decided that the injunction ought not to have been granted." (Emphasis added.)

Accordingly, pursuant to *Noble, supra,* it is apparently within the discretion of the trial court to grant attorney fees necessarily incurred in obtaining a dissolution of a temporary restraining order, and the trial court's decision not to grant attorney fees will be upheld absent an abuse of such discretion. See, also, *Sheets* v. *Chittum* (1951), 90 Ohio App. 341, 345, 48 O.O. 9, 11, 106 N.E. 2d 782, 784. An abuse of discretion connotes more than an error in judgment; it implies that the attitude of the court is unreasonable, arbitrary, or unconscionable. *Teeter* v. *Teeter* (1985), 18 Ohio St. 3d 76, 76-77, 18 OBR 106, 107, 479 N.E. 2d 890, 891-892; *Blakemore* v. *Blakemore* (1983), 5 Ohio St. 3d 217, 219, 5 OBR 481, 482, 450 N.E. 2d 1140, 1142.

In the case at bar, the only reason given by the trial court not to allow appellee Byers' claim was that such claim, including that with regard to the evidence adduced concerning attorney fees, was too speculative, could not be fairly and accurately determined, and was not the result of the temporary restraining order. However, this was manifestly a necessary expense arising out of the improperly granted restraining order. While the trial court may have been correct in holding that the claims for interest and return of investment were speculative, attorney fees were not speculative. The trial court did not have to accept the $3,500 requested, but could have readily calculated an applicable award by calculating a reasonable number of hours at a reasonable rate. Appellee Byers' cross-assignment of error is therefore sustained.

In that we have overruled appellants' assignments of error and have sustained appellee Byers' cross-assignment of error, we affirm the judgment of the trial court in part and reverse that portion of the judgment denying appellee Byers' claim for attorney fees, remanding such issue for the trial court to set a proper amount

supported by the evidence adduced herein.

*Judgment accordingly.*

GREY, P.J., STEPHENSON and ABELE, JJ., concur.