JOURNAL ENTRY AND OPINION
This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
Sanford L. Leff, Jr. appeals from a decision of the common pleas court awarding his ex-wife, Arnita Leff, $93,666.50 and statutory interest dating from the commencement of trial on May 3, 1995. Sanford L. Leff, Jr. contends the court abused its discretion when it awarded interest on a lump-sum payment effective May 3, 1995. After careful review, we reverse the judgment of the trial court and remand it for proceedings consistent with this opinion.
The record reveals Arnita Leff filed for divorce on November 9, 1993, and a trial in this matter commenced on May 3, 1995. After the conclusion of trial, the magistrate filed a decision on August 5, 1997. Both parties filed objections, and the court modified the magistrate's decision and entered judgment on October 15, 1998. As part of that award and pertinent to this appeal, the court, in an effort to equalize the property division, ordered Sanford L. Leff, Jr. to pay Arnita Leff a distributive award of $133,146.00, at no less than $20,000.00 per year, with statutory interest effective May 3, 1995.
Both parties appealed from that judgment, and this court in Leff v. Leff (Mar. 2, 2000), Cuyahoga App. Nos. 75551, 75581, resolved a consolidated cross-appeal where the parties raised twenty-seven assignments of error. Although Sanford L. Leff, Jr. raised this issue during his previous appeal, this court rendered it moot based on the determination the trial court abused its discretion when it determined that forty-two shares of H. Leff Electric Co. stock were not marital property and when it made a distributive award. Thereafter, on March 31, 2000, the trial court modified its October 15, 1998 journal entry and ordered Sanford L. Leff, Jr. to pay $93,666.50 with statutory interest from May 3, 1995, the date when the property was valued. Sanford L. Leff, Jr. now appeals from that decision and raises the following assignment of error:
 I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN AWARDING INTEREST ON A LUMP-SUM PAYMENT EFFECTIVE AS OF THE DATE OF COMMENCEMENT OF THE TRIAL.
Sanford L. Leff, Jr. says the trial court abused its discretion when it awarded interest on the distributive award from May 3, 1995, the commencement of trial, instead of March 31, 2000, the date of the court's judgment entry. Arnita Leff maintains that she is entitled to that interest because Sanford L. Leff, Jr. has had access to the money since May 3, 1995, creating a windfall in his favor. Thus, the issue on appeal is the date from which the court can order Sanford L. Leff, Jr. to pay interest.
We begin by noting in Adams v. Chambers (1992), 82 Ohio App.3d 462, the court stated:
 The distributive award concept is consistent with the well-established principle that trial courts have broad discretion when creating an equitable division of property in a divorce proceeding. Teeter v. Teeter (1985), 18 Ohio St.3d 76, * * *. A reviewing court may alter or reverse a trial court's division of property only upon an abuse of discretion by the trial court. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, * * *. An abuse of discretion will only be found in a trial court decision that is unreasonable, arbitrary or unconscionable.
Id.
Further, R.C. 1343.03(A) states:
 (A) * * * when money becomes due and payable * * * upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate of ten per cent per annum, and no more, unless a written contract provides a different rate of interest in relation to the money that becomes due and payable * * *.
In the instant case, the sum became due and payable on March 31, 2000, the subsequent date of judgment where the trial court modified the October 15, 1998 journal entry as to the distributive award. Therefore, we have concluded the court abused its discretion when it awarded Arnita Leff interest from May 3, 1995 in derogation of R.C. 1343.03. Accordingly, the decision of the trial court is reversed.
Appellant's sole assignment of error is sustained.
Judgment reversed and remanded.
It is ordered that appellant recover of appellee his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas Domestic Relations Division to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
BLACKMON, P.J., and FRANK D. CELEBREZZE, JR., CONCUR.
 _______________________ JAMES J. SWEENEY, JUDGE