NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-1161

DANIEL, APPELLANT, *v.* DANIEL, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Daniel v. Daniel,* Slip Opinion No. 2014-Ohio-1161.]**

*Domestic relations—Divorce—Marital property—R.C. 3105.171(A)(3)(a)—Military retirement benefits—Unvested military retirement benefits earned during marriage are marital property subject to division—Present value need not be determined—Court may fashion order deferring distribution until benefits become payable.*

(No. 2012-2113—Submitted October 22, 2013—Decided March 26, 2014.)

APPEAL from the Court of Appeals for Mercer County, No. 10-11-09, 2012-Ohio-5129.

_____

SYLLABUS OF THE COURT

Unvested military retirement benefits earned during marriage fall within the definition of marital property in R.C. 3105.171(A)(3)(a) and must be considered for division under R.C. 3105.171(C).

_____

**O'NEILL, J.**

{¶ 1}   In this case, we consider whether unvested military retirement benefits are assets to be considered in a divorce property division.  While there is always a degree of uncertainty regarding the precise value of such benefits, it is beyond dispute that they do have value, even if that value will become fixed only in the future.  Accordingly, a trial court must take such benefits into account when determining a division of property.

## FACTS AND PROCEDURAL HISTORY

{¶ 2}   Plaintiff Christen Daniel and defendant Sean Daniel were married in 1995.  The marriage produced three children, who were aged 13, 11, and 7 at the time of the divorce hearing.  During the marriage, the parties separated on two occasions: from fall 2004 until December 2005 and from January 2008 through the date of the divorce decree in 2011.

{¶ 3}   The defendant enlisted in the National Guard just prior to the marriage, and at the time of the divorce hearing had been in the Guard for 16 years.  Prior to the hearing, he reenlisted for an additional six years, and he will be eligible to receive retirement benefits once he accumulates 20 years of credit.  The parties entered into an agreement regarding custody of the three children, so their divorce trial related only to division of property and debt.

{¶ 4}   The matter was heard by a magistrate, who concluded that "Ohio law does not permit the court to divide a non-vested pension benefit."  The plaintiff-wife objected to this finding, arguing that "since the Defendant is already contractually committed to remain in the military through vesting 'age', the court should have divided one-half of his retirement benefits during the years of marriage."  The plaintiff contended that the court erred in concluding that unvested military benefits cannot be divided and that the court should have divided those benefits by computing the ratio of the number of years of the defendant's military service during the marriage to the total years of his military

service. The trial court overruled the plaintiff's objection and adopted the magistrate's decision. In its final order, the trial court found that the defendant's military retirement benefits were a "mere expectancy" and concluded that there were "no retirement benefits for the court to divide."

{¶ 5} The court of appeals affirmed this decision, even though it implied that the trial court's analysis may have been incorrect. The majority concluded that there was no need to decide whether unvested pension benefits are a marital asset, because insufficient evidence regarding Sean's retirement benefits was presented at trial in this case to require division of the asset. But a separate opinion dissenting on this point observed that in this case, "the potential military pension is the *only* marital asset that the parties may have," and for that reason, "an exact valuation or further details concerning the plan was not necessary in order for the court to provide for the future division of this asset." (Emphasis sic.) 2012-Ohio-5129, ¶ 61 (Willamowski, J., concurring in part and dissenting in part). "[T]he trial court had before it all of the information that was needed in order to award Christen one half of the amount of any future military pension that was attributable to the points that were earned during the marriage." *Id.* at ¶ 64. The plaintiff appealed, and this court accepted jurisdiction to determine whether unvested military retirement benefits are marital assets subject to division in divorce proceedings.

{¶ 6} We agree with the dissent. While the exact amount to be divided is not ascertainable unless and until the service member completes the required 20 years of service, the percentage of ownership of the benefits on the date of divorce can readily be discerned. It is simple math: the number of years in service compared to the number of years of marriage provides the formula for division.

## ANALYSIS

{¶ 7} In any divorce action, the starting point for a trial court's analysis is an equal division of marital property. R.C. 3105.171(C)(1); *Neville v. Neville*,

99 Ohio St.3d 275, 2003-Ohio-3624, 791 N.E.2d 434, ¶ 5.  Although  the trial court was not specific on this point, it concluded, in essence, that because the defendant's military retirement benefits had not vested, they were not marital property and were therefore not subject to division.  We disagree.

{¶ 8}  As defined in R.C. 3105.171(3)(a), "marital property" includes "[a]ll real and personal property that currently is owned by either or both of the spouses" and "[a]ll interest that either or both of the spouses currently has in any real or personal property, *including, but not limited to, the retirement benefits of the spouses*, and that was acquired by either or both of the spouses during the marriage." (Emphasis added.)  R.C. 3105.171(A)(3)(a)(i) and (ii).

{¶ 9}  The statute does not distinguish between vested or unvested retirement benefits. The portion of the statute that sets forth what is *not* to be considered marital property does not mention retirement benefits at all.  R.C. 3105.171(A)(3)(b).  We have held that vested pension benefits are marital property.  *Hoyt v. Hoyt,* 53 Ohio St.3d 177, 178-179, 559 N.E.2d 1292 (1990). But we have never addressed unvested benefits in this context.

{¶ 10} Admittedly, it may be difficult to ascertain the value of benefits that have not yet vested and may never vest.  But it does not follow that those future benefits have no value.  Most states hold that unvested retirement benefits accrued during the marriage constitute marital property subject to division.  *See Cohen v. Cohen,* 937 S.W.2d 823, 829 (Tenn.1996) (listing cases from 37 states).

{¶ 11} In addressing the division of pension benefits, courts have fashioned two approaches: the "present cash value" method, which requires the court to place a value on the benefit as of the date of the final decree and divide that value between the parties, and the "deferred distribution" method, in which the court devises a formula for dividing the monthly benefit at the time of the decree, but defers distribution until the benefits become payable.  *Cohen* at 831; *see also Hoyt* at 181.

**{¶ 12}** Our holding in *Wilson v. Wilson,* 116 Ohio St.3d 268, 2007-Ohio-6056, 878 N.E.2d 16, provides a useful example of the "deferred distribution" method of accomplishing an equitable division of an unvested retirement benefit. The trial court in that case included in the divorce decree the following language: "The defendant shall receive one-half of the coverture value of the plaintiff's unvested Teamsters pension if and when it becomes vested. This division shall be through a qualified domestic relations order (QDRO) prepared and signed at the time of the vesting."[1] *Wilson* at ¶ 3.

**{¶ 13}** Similarly, in *Hoyt* this court approved the division of a vested but unmatured pension benefit by the use of a Qualified Domestic Relations Order, but rejected the claim that the trial court must always use the present vested value of a plan in reaching its division of property. *Id.* at 183-184. We identified the two goals that trial courts must balance when dividing pension assets. "[W]hen circumstances permit, [trial courts] should strive to resolve the issues between the parties so as to disassociate the parties from one another or at least minimize their economic partnership." *Id.* at 182. But "the trial court must obtain a result which will preserve the asset so that each party can procure the most benefit." *Id.* at 181. And we recognized that in some situations, achieving the latter goal may mean that the former must yield:

> When a trial court decides that a pension or retirement asset shall be paid by deferred distribution, it has created a situation where the parties' affairs are not concluded. * * * Although this alternative divides the risk between the parties that the benefits will fail to vest or mature, as an example, there is nothing to prevent an

---

[1] We recognize that a Qualified Domestic Relations Order is a device specifically designed for assigning benefits to a nonparticipant spouse under the federal Employment Retirement Income Security Act, 29 U.S.C. 1001 et seq., and that such an order is not applicable to a nonprivate pension. But it may provide a useful model.

employed spouse, for whatever reason, from quitting his or her
employment and becoming employed elsewhere. Likewise, the
nonemployed spouse bears the risk that the employed spouse will
die and the expected benefits, before being vested or matured, will
terminate.

*Id.* at 182. *Hoyt* recognizes that while it is desirable to bring finality to the parties' marriage by dividing assets once and for all, doing so is not possible in all cases, because it sometimes leads to an inequitable result. And while the dollar amount in all likelihood will change as retirement approaches, the percentage interest of the parties in the pension will not.

{¶ 14} The appellate court seems to have understood that the defendant's unvested retirement benefit was marital property under the statute, but then concluded that since the precise value of the benefit could not be ascertained based on the record presented, it could not be divided. But fixing a precise present value and the date of vesting is not mandatory. *See Hoyt,* 53 Ohio St.3d at 182, 559 N.E.2d 1292; *Wilson,* 116 Ohio St.3d 268, 2007-Ohio-6056, 878 N.E.2d 16, at ¶ 19-20; *Neville,* 99 Ohio St.3d 275, 2003-Ohio-3624, 791 N.E.2d 434, at ¶ 10-11. And in the case of such an important asset, a court can and should seek other reasonable methods of achieving equity. As we noted in *Hoyt*, "[w]hen the only marital asset of the parties is an employed spouse's pension or retirement benefits, it is difficult for the trial court to structure an equitable property division without dividing the pension or retirement asset." *Hoyt* at 183.

{¶ 15} As the plaintiff notes, one possible way to divide such assets is by computing "the ratio of the number of years of [the] employed spouse's employment during the marriage to the total number of years of his or her employment," *id.*, a ratio that has come to be known as the "coverture fraction." *See, e.g.*, *Thompson v. Thompson*, 196 Ohio App.3d 764, 2011-Ohio-6286, 965

N.E.2d 377, ¶ 33. In this case, the trial court was provided all of the information needed to calculate the coverture fraction: the dates of the marriage, the dates of defendant's military service, and the dates the two overlapped. This is all that was necessary to award the plaintiff a percentage share of the defendant's military retirement benefit. The fact that its precise value will not become fixed, if it ever does, until some future date is irrelevant. The trial court had enough information in this case to make an equitable division of the benefits, whether by the plaintiff's suggested coverture fraction or some other appropriate method.

{¶ 16} The trial court and the court of appeals were mistaken in concluding that the defendant's unvested military pension was not a divisible asset. This record, although sparse, is sufficient to demonstrate that the plaintiff was entitled to share in the sole remaining asset that was earned during the marriage. The trial court erred as a matter of law, and as a result its division of property was inequitable and an abuse of discretion.

**CONCLUSION**

{¶ 17} Unvested military retirement benefits earned during the marriage fall within the definition of marital property in R.C. 3105.171(A)(3)(a) and must be considered for division under R.C. 3105.171(C). We reverse the judgment of the court of appeals and remand this case to the trial court for further proceedings.

Judgment reversed

and cause remanded.

PFEIFER, KENNEDY, and FRENCH, JJ., concur.

O'CONNOR, C.J., and O'DONNELL and LANZINGER, JJ., dissent.

_____

**O'DONNELL, J., dissenting.**

{¶ 18} I respectfully dissent.

{¶ 19} This case presents a question of statutory interpretation regarding whether an unvested, contingent future interest in military retirement benefits is

marital property subject to equitable division in a divorce proceeding. This question is substantially different from the division of assets held in a pension or IRA account—which are customarily divided using a QDRO—because in this instance, the benefits are not currently owned by either party to the divorce, can only be acquired, if ever, after termination of the marriage, and may never vest. The General Assembly has specifically defined marital property to include only assets currently owned by a party to a proceeding and therefore has not provided that unvested interests or future interests in property are marital assets. Accordingly, because these military retirement benefits are not marital property, the appellate court correctly resolved this issue, and its judgment should be affirmed.

{¶ 20} The role of the judiciary in the exercise of the judicial power granted by the Constitution is to interpret the law that the General Assembly enacts, and the primary goal in construing a statute is to ascertain and give effect to the intent of the legislature. *State v. Robinson*, 124 Ohio St.3d 76, 2009-Ohio-5937, 919 N.E.2d 190, ¶ 18. Here, the General Assembly has clearly expressed its intent by enacting R.C. 3105.171(A)(3)(a), which specifically defines "marital property" to include:

> (i) All real and personal property that *currently* is owned by either or both of the spouses, including, but not limited to, the retirement benefits of the spouses, and that was acquired by either or both of the spouses during the marriage;
>
> (ii) All interest that either or both of the spouses *currently has* in any real or personal property, including, but not limited to, the retirement benefits of the spouses, and that was acquired by either or both of the spouses during the marriage.

(Emphasis added.) Notably, marital property includes retirement benefits of the spouse acquired during the marriage and all interests that either spouse *currently has* in the retirement benefits at the time of the equitable division of property. The General Assembly could have also included unvested interests in retirement benefits or future interest in property that a spouse may receive or acquire at a future time, but it chose not to include such an inchoate interest in the definition of marital property. Thus, future interests in property that might possibly vest, if at all, after the termination of a marriage have not been *acquired* during the marriage, are not *currently owned* by either or both spouses, and a spouse *currently has* no interest in such benefits. Therefore, they are not marital property subject to equitable division by a trial court.

**{¶ 21}** In this case, at the time of the divorce, Sean Daniel did not *currently own* any right to military retirement benefits from the National Guard, because he had not accumulated 20 years of service credit. Nor did he *currently have* an interest in those benefits, because that interest had not vested and could only vest into an enforceable right to payment in the future—only *after* termination of the marriage. Notably, he had no ownership right or possessory interest in those benefits that would permit him to bring a cause of action for a pro rata share of those benefits based on his years of service in the National Guard at the time of the divorce. And because he had not acquired any right to receive retirement benefits from the National Guard during the marriage, the trial court had nothing to divide.

**{¶ 22}** Thus, contrary to the view of the majority, which ignores the General Assembly's use of the word "currently" in defining marital property, I would decide this case in accord with the expressed intent of the legislature as set forth in the plain language of the statute. The General Assembly has defined the term "marital property" to include property that is currently owned by either spouse, including retirement benefits, and all interest that either spouse currently

has in retirement benefits. Since neither spouse here currently has a vested interest in these benefits, they are not marital property, and the domestics relations court may not divide them nor consider them in its distribution of marital assets.

{¶ 23} If the General Assembly believes that a change in its policy is warranted, it may choose to include unvested interests in retirement benefits as marital property at some future time. But at present, it has not done so, and this court has taken upon itself the role of legislating from the bench in its conclusion that it will order these benefits to be considered as marital property. I cannot join in this action, because I believe in judicial restraint and the role of the court as being limited to interpreting the law as written by the General Assembly.

{¶ 24} The court of appeals correctly adjudicated this issue, and I would affirm its judgment.

_____

**LANZINGER, J., dissenting.**

{¶ 25} I respectfully dissent and would hold that this case was improvidently accepted. The majority has redefined marital property under R.C. 3105.171(A)(3)(a) simply to reverse the outcome in a single case. This case raises an issue that deserves a full adversarial presentation to avoid a judgment whose far-reaching consequences are unintended. Unvested pensions are not marital property, for until the pension is vested, neither spouse has a current interest as required by R.C. 3105.171(A)(3)(a)(i), and vesting is a contingent event. What other mere contingencies and expectations will trial courts be required to consider marital assets subject to division in R.C. 3105.171(C)?

{¶ 26} We have established that a trial court has broad discretion to divide property in domestic relations cases, and its decision will not be disturbed on appeal absent unreasonable, arbitrary, or unconscionable conduct. *Middendorf v. Middendorf*, 82 Ohio St.3d 397, 401, 696 N.E.2d 575 (1998), citing *Holcomb v. Holcomb,* 44 Ohio St.3d 128, 541 N.E.2d 597 (1989); *Martin v. Martin*, 18 Ohio

St.3d 292, 294-295, 480 N.E.2d 1112 (1985); *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983); *Berish v. Berish*, 69 Ohio St.2d 318, 319, 432 N.E.2d 183 (1982). "If there is some competent, credible evidence to support the trial court's decision, there is no abuse of discretion." *Middendorf* at 401.

**{¶ 27}** The court of appeals concluded in a two-to-one decision that it could not find an abuse of discretion in the trial court's decision not to award a portion of the unvested military pension based upon the scant record in this case. But with only one party, the appellant, filing a single brief in this court and presenting oral argument without opposition, the majority now determines that unvested military benefits *must* be considered as marital property subject to division. Even the dissenting judge in the court of appeals acknowledged that we have not yet ruled on this specific issue, although commenting that current law "allows" consideration of an unvested military pension in the division of assets. 2012-Ohio-5129 at ¶ 58 (Willamowski, J., concurring in part and dissenting in part).

**{¶ 28}** The previous holdings of this court dealing with the division of pension benefits have rightly noted the importance of vesting. *Teeter v. Teeter,* 18 Ohio St.3d 76, 78, 479 N.E.2d 890 (1985) (military pension benefits that were *earned* during the marriage and that had vested and were being paid at the time of the divorce are marital assets and a factor to be considered in the division of property); *Hoyt v. Hoyt,* 53 Ohio St.3d 177, 182, 559 N.E.2d 1292 (1990) (distinguishing between potential division methods for vested matured and vested unmatured pension benefits).

**{¶ 29}** We have stated that "[p]ension or retirement benefits *accumulated during the course of a marriage* are marital assets subject to property division in a divorce action." (Emphasis added.) *Erb v. Erb*, 75 Ohio St.3d 18, 20, 661 N.E.2d 175 (1996). But retirement benefits that have not vested have not actually

accumulated. They do not exist as actual benefits until they vest. The statute defining marital assets emphasizes this point:

> "Marital property" means * * *
>
> (i) All real and personal property that *currently is owned* by either or both of the spouses, including, but not limited to, the *retirement benefits* of the spouses, and that was acquired by either or both of the spouses during the marriage;
>
> (ii) All *interest that either or both of the spouses currently has* in any real or personal property, including, but not limited to, the retirement benefits of the spouses, and that was acquired by either or both of the spouses during the marriage;
>
> * * *
>
> (b) "Marital property" does not include any separate property.

(Emphasis added.) R.C. 3105.171(A)(3)(a).

{¶ 30} The statute does not have the expansive meaning the majority gives it. It may well be that that this court should adopt a rule that unvested military retirement benefits accrued during the marriage constitute marital property subject to division even while those benefits remain unvested. However, such a change in precedent should not occur without robust adversarial presentation. This issue is too important in its ramifications to be decided with half of the argument unpresented and unheard.

{¶ 31} This is an example of a one-sided case potentially making bad law. Because I believe that we should not have accepted this case for review under these circumstances, I dissent.

O'CONNOR, C.J., concurs in the foregoing opinion.

_____

James A. Tesno, for appellant.

_____