Lanzinger, J.,
dissenting.
{¶ 25} I respectfully dissent and would hold that this case was improvidently accepted. The majority has redefined marital property under R.C. 3105.171(A)(3)(a) simply to reverse the outcome in a single case. This case raises an issue that deserves a full adversarial presentation to avoid a judgment whose far-reaching consequences are unintended. Unvested pensions are not marital *282 property, for until the pension is vested, neither spouse has a current interest as required by R.C. 3105.171(A)(3)(a)(i), and vesting is a contingent event. What other mere contingencies and expectations will trial courts be required to consider marital assets subject to division in R.C. 3105.171(C)?
{¶ 26} We have established that a trial court has broad discretion to divide property in domestic-relations cases, and its decision will not be disturbed on appeal absent unreasonable, arbitrary, or unconscionable conduct. Middendorf v. Middendorf, 82 Ohio St.3d 397, 401, 696 N.E.2d 575 (1998), citing Holcomb v. Holcomb, 44 Ohio St.3d 128, 541 N.E.2d 597 (1989); Martin v. Martin, 18 Ohio St.3d 292, 294-295, 480 N.E.2d 1112 (1985); Blakemore v. Blakemore, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983); Berish v. Berish, 69 Ohio St.2d 318, 319, 432 N.E.2d 183 (1982). “If there is some competent, credible evidence to support the trial court’s decision, there is no abuse of discretion.” Middendorf at 401.
{¶ 27} The court of appeals concluded in a two-to-one decision that it could not find an abuse of discretion in the trial court’s decision not to award a portion of the unvested military pension based upon the scant record in this case. But with only one party, the appellant, filing a single brief in this court and presenting oral argument without opposition, the majority now determines that unvested military benefits must be considered as marital property subject to division. Even the dissenting judge in the court of appeals acknowledged that we have not yet ruled on this specific issue, although commenting that current law “allows” consideration of an unvested military pension in the division of assets. 2012-Ohio-5129, 2012 WL 5397178, at ¶ 58 (Willamowski, J., concurring in part and dissenting in part).
{¶ 28} The previous holdings of this court dealing with the division of pension benefits have rightly noted the importance of vesting. Teeter v. Teeter, 18 Ohio St.3d 76, 78, 479 N.E.2d 890 (1985) (military pension benefits that were earned during the marriage and that had vested and were being paid at the time of the divorce are marital assets and a factor to be considered in the division of property); Hoyt v. Hoyt, 53 Ohio St.3d 177, 182, 559 N.E.2d 1292 (1990) (distinguishing between potential division methods for vested matured and vested unmatured pension benefits).
{¶ 29} We have stated that “[pjension or retirement benefits accumulated during the course of a marriage are marital assets subject to property division in a divorce action.” (Emphasis added.) Erb v. Erb, 75 Ohio St.3d 18, 20, 661 N.E.2d 175 (1996). But retirement benefits that have not vested have not actually accumulated. They do not exist as actual benefits until they vest. The statute defining marital assets emphasizes this point:
*283 James A. Tesno, for appellant.
“Marital property” means * * *
(i) All real and personal property that currently is oumed by either or both of the spouses, including, but not limited to, the retirement benefits of the spouses, and that was acquired by either or both of the spouses during the marriage;
(ii) All interest that either or both of the spouses currently has in any real or personal property, including, but not limited to, the retirement benefits of the spouses, and that was acquired by either or both of the spouses during the marriage;
* * *
(b) “Marital property” does not include any separate property.
(Emphasis added.) R.C. 3105.171(A)(3)(a).
{¶ 30} The statute does not have the expansive meaning the majority gives it. It may well be that that this court should adopt a rule that unvested military retirement benefits accrued during the marriage constitute marital property subject to division even while those benefits remain unvested. However, such a change in precedent should not occur without robust adversarial presentation. This issue is too important in its ramifications to be decided with half of the argument unpresented and unheard.
{¶ 31} This is an example of a one-sided case potentially making bad law. Because I believe that we should not have accepted this case for review under these circumstances, I dissent.
O’Connor, C.J., concurs in the foregoing opinion.